UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA HALL,

          Plaintiff,

vs.                      CASE NO. _____

UNITED DEBT HOLDING LLC,

          Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges that Defendant falsely informed Plaintiff that criminal charges had been pressed against her in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

2. As a result of Defendant's unlawful, abusive, and intrusive conduct Plaintiff suffered and continues to suffer physical and emotional injury.

3. According to 15 U.S.C. § 1692:

    (a) There is abundant evidence of the use of abusive, deceptive and unfair practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. Likewise, the FCCPA has been described by the Florida Supreme Court as "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co., 338 So. 2d 196, 200–201 (Fla. 1976).

5. At least one federal court has noted that false threats of criminal prosecution were "the most egregious conduct of any defendants" in an FDCPA action. See Boyce v. Attorney's Dispatch Service, 1999 U.S. Dist. LEXIS 12970 (W.D. Ohio 1999) (awarding the debtor $10,000.00 in actual damages).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

7. Plaintiff, Martha Hall is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

8. Defendant, United Debt Holding LLC is a foreign company organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Castle Rock, Colorado.

9. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant regularly collects or attempts to collect debts for other parties.

11. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

12. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Hereinafter referred to as the "alleged debt."

14. On or about February 25, 2013, Defendant purchased the alleged debt from "MultiLoanSource.com".

15. Immediately thereafter Defendant authorized a company by the name of "Accurate" to place the telephone calls described below in paragraph 19 to Plaintiff in an attempt to collect the alleged.

16. By virtue of its status as a debt collector Defendant is vicariously liable to Plaintiff for Accurate's violations of the FDCPA. *See* Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. Pa. 2000); McCorriston v. L.W.T., Inc., 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); Schutz v. Arrow Fin. Servs., LLC, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

17. Alternatively, Defendant itself placed the calls described below in paragraph 19 but falsely identified itself as "Accurate" when asked.

18. Any reference hereinafter to "Defendant" without further qualification is meant to refer to United Debt Holding LLC or "Accurate" acting on behalf of United Debt Holding LLC.

19. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

March 14, 2013 at 12:47 PM
This information is intended for Martha Hall, claim number 1464760. This is Katie Johnson contacting you regarding an order that was submitted to my office this morning. I need to verify an address to present you with your formal claim at your residence and place of employment. Now Martha, you do have charges and a claim against you. At this point you have one opportunity to contact the firm handling your claim to discuss this matter. They can be reached at 866-636-1435. Your claim number is 1464760. Martha Hall, you have officially been notified ma'am.

March 15, 2103 at 9:55 AM
Martha, I'm calling again to inform you that you've had the opportunity to contact the firm handling your charges. Now at this point I have verified

your address to present you with your formal claim. There are charges and a claim against you. You have until I reach you personally to address this matter with the firm. Again, they can be reached at 866-636-1435. Your claim number here is 1464760. Martha Hall this is your final notification ma'am.

20. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

21. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

22. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of the messages and failed to disclose its name.

23. The telephone messages described above in Paragraph 19 are likely to mislead the least sophisticated consumer to believe the following:

   a. That Plaintiff committed a crime related to the alleged debt.

   b. That Plaintiff had been charged with a crime related to the alleged debt.

   c. That a lawsuit had been filed against Plaintiff related to the alleged debt.

   d. That Defendant had the legal right to have criminal charges filed against Plaintiff related to the alleged debt.

    e. That Defendant is vouched for or affiliated with the United States or any State.

    f. That Defendant is a law enforcement officer or a representative of any governmental agency.

    g. That Defendant is an attorney or that that the messages were authorized by an attorney.

    h. That nonpayment of the alleged debt would result in Plaintiff's arrest.

24. The telephone messages described above in Paragraph 19 are false and misleading in that:

    a. Plaintiff has not committed a crime related to the alleged debt.

    b. Plaintiff has not been charged with a crime related to the alleged debt.

    c. A lawsuit has not been filed against Plaintiff with respect to the alleged debt.

    d. Defendant does not have the legal right to have criminal charges pressed against Plaintiff related to the alleged debt.

    e. Defendant is not vouched for or affiliated with the United States or any State.

    f. Defendant is not a law enforcement officer or a representative of any governmental agency.

    g. Defendant is not an attorney and the telephone messages were not authorized by an attorney.

    h. Nonpayment of the alleged debt did not result in Plaintiff's arrest.

25. Defendant knew it did not have the legal right to have criminal charges pressed against Plaintiff.

26. Defendant's actions were willful.

27. As a result of Defendant's unlawful, abusive, and intrusive conduct Plaintiff suffered and continues to suffer physical and emotional injury, including, but not limited to, sleeplessness, nervousness, fear, irritability, and restlessness.

## COUNT I
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

28. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6). *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(1)

30. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

31. Defendant falsely represented or implied that Defendant was vouched for, bonded by, or affiliated with the United States or any State in violation of 15 U.S.C. § 1692e(1).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(3)

32. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

33. Defendant falsely represented or implied that Defendant was an attorney or that the any communication was from an attorney in violation of 15 U.S.C. § 1692e(3).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

      c.  Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(4)

34. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

35. Defendant falsely represented or implied that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff in violation of 15 U.S.C. § 1692e(4).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.  Damages;

      b.  Attorney's fees, litigation expenses and costs of suit; and

      c.  Such other or further relief as the Court deems proper.

## COUNT V
## FALSE THREATS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

36. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

37. Defendant threatened to take an action it could not legally take or that it did not intend to take in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT VI
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(7)

38. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

39. Defendant falsely represented or implied that Plaintiff committed a crime in order to disgrace the Plaintiff in violation of 15 U.S.C. § 1692e(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT VII
## FALSE REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

40. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

41. Defendant used false representations or deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT VIII**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**
**IN VIOLATION OF 15 U.S.C. § 1692e(11)**

42. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

43. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT IX**
**USE OF FALSE NAME**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(14)**

44. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

45. Defendant used a business, company, or organization name other than the true name of Defendant's business, company, or organization in violation of 15 U.S.C. § 1692e(14).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT X
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

46. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

47. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff or Plaintiff's family in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT XI
## ILLEGAL COLLECTION TECHNIQUES
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

48. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

49. Defendant asserted the existence of a legal right when Defendant knew the right did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    *s/ James Giardina*
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*